1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN DEON BRAZIER,                    1:13-cv-0787-LJO-MJS (PC)

12              Plaintiff,
                                             ORDER DENYING MOTION FOR
13         v.                                APPOINTMENT OF COUNSEL

14    JEFFREY A. BEARD, et al.,              (ECF No. 12)

15              Defendants.

16

17         Plaintiff Kevin Deon Brazier ("Plaintiff") is a state prisoner proceeding pro se in

18    this civil rights action pursuant to 42 U.S.C. § 1983.  On September 23, 2013, Plaintiff

19    filed a motion seeking the appointment of counsel.  (ECF No. 12.)

20         Plaintiff does not have a constitutional right to appointed counsel in this action,

21    Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an

22    attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United

23    States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

24         In certain exceptional circumstances the Court may request the voluntary

25    assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

26    However, without a reasonable method of securing and compensating counsel, the

27    Court will seek volunteer counsel only in the most serious and exceptional cases.  In

28    determining whether "exceptional circumstances exist, the district court must evaluate

1

1    both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate

2    his claims pro se in light of the complexity of the legal issues involved." Id. (internal

3    quotation marks and citations omitted).

4         In the present case, the Court does not find the required exceptional

5    circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that

6    he has made serious allegations which, if proved, would entitle him to relief, his case is

7    not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early

8    stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to

9    succeed on the merits, and based on a review of the record in this case, the Court does

10   not find that Plaintiff cannot adequately articulate his claims. Id.

11        For the foregoing reasons, Plaintiff's motion for appointment of counsel is

12   DENIED, without prejudice.

13

14

15

16   IT IS SO ORDERED.

17       Dated:    October 9, 2013            /s/ *Michael J. Seng*

18                                        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28