UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEON BRAZIER, | CASE No. 1:13-cv-00787-LJO-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| JEFFREY A. BEARD, et al., | (ECF No. 14) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

### I.  PROCEDURAL HISTORY

Plaintiff Kevin Deon Brazier is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Complaint alleging First Amendment free exercise and Fourteenth Amendment equal protection claims against Defendants Beard, Holland, Reed, Gutierrez, Hughes, Branch, Landou, Schlanger, and Dickinson based on denial of kosher meals. (ECF No. 9.)

Defendants[1] have moved to dismiss this action because: (1) the Complaint fails to link each Defendant to an alleged violation of Plaintiff's rights: (2) not all Defendants are

---

[1] The motion to dismiss was filed on behalf of all the named Defendants except Schlanger. On March 5, 2014, Defendant Schlanger filed a notice of joinder to the pending motion to dismiss. (ECF No. 19.)

1

authorized to provide the injunctive relief requested; (3) several Defendants participated solely through the administrative appeals process and cannot be held liable on that basis; (4) Plaintiff failed to exhaust his administrative remedies; and (5) Defendants are entitled to qualified immunity. (ECF No. 14-1 at 7.) Plaintiff filed an opposition (ECF No. 16), Defendants replied (ECF No. 17), and Plaintiff filed a surreply (ECF No. 22). Defendants' motion to dismiss is deemed submitted pursuant to Local Rule 230(l).

## II.    LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is ordinarily subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). However, where an inmate's complaint shows a failure to exhaust on its face, it is subject to dismissal under Rule 12(b)(6). Id. at 1166;

Jones, 549 U.S. at 215 ("A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face.") (quoting Loveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)).

## III.   ANALYSIS

Defendants move to dismiss based, in part, on Plaintiff's failure to exhaust the California Department of Corrections and Rehabilitation's (CDCR) administrative appeals process. On November 5, 2012, Plaintiff submitted an inmate appeal (CDCR Form 602), log number CCI-0-12-02755, complaining of his inability to fully practice aspects of his Rastafari faith. (ECF No. 1 at 6 and 22-23.) Plaintiff sought an interview with the Community Resources Manager, Defendant Branch, permission to act as an inmate minister, and approval to participate in the Jewish Kosher Diet Program (JKDP). (Id. at 20.)

Plaintiff was interviewed by Defendant Branch on December 11, 2012 and the first level response followed on December 17, 2012. (Id. at 7-8 and 20.) Plaintiff's bid for a Rastafari religious program was partially granted; Plaintiff was authorized to formally request the creation of such a program by contacting the Religious Review Committee (RCC). The Defendants determined that Plaintiff submitted no evidence that he was qualified to be an ordained Rastafari minister, but concluded that any Rastafari inmate group could elect its own spiritual leader. Finally, Plaintiff's request to participate in the JKDP was denied because Plaintiff had not submitted a religious diet request (CDCR Form 3030) to the Jewish Chaplain, Rabbi Schlanger. (Id. at 20-21.)

Plaintiff filed his religious diet request on December 25, 2012 and appealed his grievance to the second level of review on January 9, 2013. Defendant Schlanger denied Plaintiff's kosher meal request on January 15, 2013. (Id. at 8 and 34.) The

3

second level appeal response, February 21, 2014, addressed two issues: Plaintiff's request to be interviewed by Defendant Branch and be designated as an inmate minister. Plaintiff's interview request was granted based on Plaintiff's December 11, 2012 meeting with Defendant Branch. The second level review affirmed the first level conclusion that Plaintiff had failed to demonstrate that he was qualified to be recognized as a minister. The response noted that a Rastafari inmate group was approved by the RCC on January 13, 2013, and that the group was free to elect an inmate leader. (Id. at 9 and 18-19.)

Plaintiff appealed to the third and final level of review on February 27, 2013. (Id. at 9.) The third level response denied Plaintiff's request to be designated an inmate minister because the newly created Rastafarian faith group was free to elect a leader on their own. Participation in the JKDP was deemed a newly raised issue and therefore not addressed. Plaintiff was instructed to appeal his exclusion from the JKDP "separately in order to allow the institution the ability to respond." (Id. at 16-17.)

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Prisoners are required to submit appeals within thirty calendar days from the occurrence of the event or the decision being appealed, or upon first knowledge of the action or decision being appealed. Id. at § 3084.8(b). Three levels of appeal are involved, a first level, second level, and third level. Id. at § 3084.7.

Exhaustion of administrative remedies under the PLRA requires that the prisoner complete the administrative review process in accordance with the applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006); McKinney, 311 F.3d at 1199–1201. An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion

4

requirement. Woodford, 548 U.S. at 84.  Exhaustion does not always require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); Brown v. Valoff, 422 F.3d 926, 935–36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

      Defendants argue that Plaintiff's claims are administratively unexhausted because he omitted the kosher meal issue in the second level grievance.  (ECF No. 14-1 at 17.)  The second level response clearly identifies Plaintiff's request to speak with Defendant Branch and to be recognized as an inmate minister as the only issues raised. (ECF No. 1 at 18-19.)  The final level of review identifies the kosher meal issue as new and improperly introduced.  Plaintiff was instructed to grieve his exclusion from the JKDP in a new appeal. (Id. at 17.)  Plaintiff filed the instant action instead.

      Plaintiff's exclusion from the JKDP is the only cognizable claim in this action. Whether Plaintiff properly exhausted the other topics is irrelevant.  The first level response directed Plaintiff to submit a religious diet request.  Plaintiff did so on December 25, 2012.  He submitted the second level grievance on January 9, 2013, six days before Defendant Schlanger denied his diet request.  It appears from the face of the Complaint that after the first level of review Plaintiff pursued his religious ceremony issues via his inmate appeal and his dietary concerns through a CDCR Form 3030. Those are two separate processes.  Once Plaintiff's religious diet request was denied on January 15, 2013, the issue rejoined his inmate appeal at the third level grievance.

Plaintiff's opposition concedes an appeal may be rejected if "[t]he appeal issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required lower levels of review and assessment have thereby been circumvented." Cal. Code Regs., tit. 15 § 3084.6(b)(16). However, Plaintiff maintains that he reiterated all issues at each level of appeal and cites to the second level response for support. The cited section states that Plaintiff reiterated his original appeal issues with Defendant Branch at their December 11, 2012 meeting, before the first level response. Nothing in the second level response mentions the kosher meal issue. To the contrary, Plaintiff's request to be interviewed by Defendant Branch and be designated as an inmate minister are identified, with numbered bullet points, as the only issues raised at the second level. The third level of review's admonishment that the kosher meal issue was procedurally improper is consistent with Defendant's position.

Plaintiff was required to pursue his inmate appeal through each level of review. To be excused from the exhaustion requirement, an inmate must have "made every effort to make full use of the prison grievance process, but was stymied by the error [of prison officials]." Nunez, 591 F.3d at 1226. Defendant argues that Plaintiff's failure to exhaust was the result of his own mistake.

Nothing filed by Plaintiff raises any question about Defendant's characterization of his administrative appeals history. Defendant has satisfied his burden of demonstrating that Plaintiff failed to exhaust administrative remedies. Plaintiff has not shown that he complied with the PLRA's exhaustion requirements, nor has he shown why he should be exempt from those requirements. See Woodford, 548 U.S. at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules

6

because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Defendant's Motion to Dismiss should be granted and this action dismissed, without prejudice.[2]

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 14) be granted and that this action be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 30, 2014          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Having found Plaintiff's claim administratively unexhausted, the Court declines to address Defendants' alternate grounds for dismissal.