IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN DEON BRAZIER, | ) | 1:13-cv-00787-LJO-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS TO |
| vs. | ) | (1) GRANT DEFENDANTS' |
| | ) | MOTION FOR SUMMARY |
| JEFFREY A. BEARD, ET AL., | ) | JUDGMENT FOR FAILURE TO |
| | ) | EXHAUST ADMINISTRATIVE |
| Defendants. | ) | REMEDIES AND (2) DENY AS |
| | ) | MOOT PLAINTIFF'S MOTION FOR |
| | ) | JUDGMENT ON THE PLEADINGS |
| _____ | ) | |

FINDINGS AND RECOMMENDATIONS TO (1) GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES AND (2) DENY AS MOOT PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendants' Motion for Summary Judgment For Failure to Exhaust Administrative Remedies (Doc. 51) and Plaintiff Kevin Deon Brazier's Motion for Judgment on the Pleadings (Doc. 57). After careful consideration of the Motions and the supporting and opposing memoranda, the Court finds and recommends that summary judgment be GRANTED in Defendants' favor and that Plaintiff's Motion for Judgment on the Pleadings be DENIED as moot. As discussed below, the Court finds that Plaintiff failed to fully exhaust administrative remedies prior to filing this lawsuit.

BACKGROUND

Plaintiff is currently incarcerated at California State Prison – Corcoran. He brought this lawsuit against nine prison officials at California Correctional Institution at Tehachapi, where he was previously housed. (Complaint at 3-5.) Plaintiff asserts that Defendants violated his First and Fourteenth Amendment rights by denying him a kosher diet in prison. (Screening Order at 9.)

Plaintiff practices the Rastafarian religion. (Complaint at 6.) On October 4, 2012, Plaintiff submitted Form 22, entitled "Inmate/Parolee Request." (Id. at 5, 35.) He requested to speak with a community resource manager in the prison about his religion and one of his concerns was that he wanted a kosher diet. (Id. at 35.) When he did not receive a response, he filed a first level appeal using Form 602. (Id. at 6, 22-23.) His appeal stated that he had requested an interview with a prison official to discuss his faith. (Id. at 22-23.) Plaintiff also asked for an outside Rastafarian minister or that he be approved to be a minister in the prison. (Id. at 23.) Notably, Form 602 makes no mention of his request for a kosher diet.

On December 10, 2012, the first level appeal decision was issued. (Wood Decl'n Ex. 1.) The decision partially granted Plaintiff's requests insofar as Plaintiff was interviewed by the community resource manager. (Id.) Additionally, the decision outlined procedures required to establish a Rastafarian

religious program, including how to elect an inmate leader for the religious group. (Id.)   Although Form 602 did not mention a request for a kosher diet, the decision informed Plaintiff that any request for a kosher diet must be made to the Jewish Chaplain using Form 3030.   (Id.)

After receiving the first level appeal decision, Plaintiff submitted Form 3030 to the Jewish Chaplain in the prison on December 25, 2012.   (Complaint at 8.) This request was denied on January 15, 2013.   (Id.)

On January 9, 2013, prior to receiving the Chaplain's denial of a kosher diet, Plaintiff filed a second level appeal.   (Wood Decl'n Ex. 1.)   Plaintiff argued that he had already complied with the procedures to establish a Rastafarian religious program.   (Id.)   His second level appeal did not mention the denial of his kosher diet because that request was not denied until after Plaintiff submitted his second level appeal.

On February 21, 2013, the second level appeal decision was issued. (Id.)   Plaintiff's request for a kosher diet was not mentioned in the decision because Plaintiff did not raise that issue in his second level appeal.

On February 27, 2013, Plaintiff submitted the third level appeal. (Wood Decl'n Ex. 1.)   By this date, the Jewish Chaplain had denied his request for a kosher diet, so Plaintiff raised that issue in his third level appeal.   (Id.)   On May 3,

3

2013, the third level appeal decision was issued.  Regarding his newly raised challenge to the denial of a kosher diet, the decision noted:

> [Plaintiff] has added new issues and requests to this appeal for inclusion into the Jewish Kosher Diet Program.  The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602).  This request must be submitted separately in order to allow the institution the ability to respond.

(Wood Decl'n Ex. 1.)  The third level of review declined to address the kosher diet issue, which was not raised in the first or second levels of review.  (Id.)

On May 24, 2013, Plaintiff filed the present action against various prison officials.  (Complaint at 1-5.)  Upon screening the Complaint, the Court found the only viable claims to be First and Fourteenth Amendment claims based on the denial of kosher meals.  (Screening Order at 9.)  After receiving the Screening Order, Plaintiff informed the Court that he would proceed only on those claims.  (Doc. 8 at 1.)  Plaintiff prays for declaratory and injunctive relief, as well as compensatory and punitive damages.  (Complaint at 12-14.)

After Defendants filed a Motion to Dismiss on November 18, 2013, the Court dismissed the case, holding that Plaintiff did not exhaust his administrative remedies because he did not raise the kosher diet issue in the second level of appeal.  (Doc. 31 at 6.)  On appeal, the Ninth Circuit remanded the case, concluding that "it

4

is not clear . . . whether [Plaintiff] failed to exhaust available administrative remedies because his Second Level Appeal is not included in the record." (Opp. at Ex. C.)

Upon remand, Defendants filed the instant Motion for Summary Judgment and attached all of Plaintiff's appeals as well as the appeal decisions. (Doc. 51.) Defendants argue that their exhibits conclusively establish that Plaintiff did not exhaust his administrative remedies with respect to his request for a kosher diet because that issue was not raised in the first and second levels of appeal. After briefing on the exhaustion issue was complete, Plaintiff filed a Motion for Judgment on the Pleadings (Doc. 57), arguing that he should prevail on the merits of his claims.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir.

2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

Defendants move for summary judgment on the ground that Plaintiff did not exhaust the denial of his kosher diet request through all available administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).

California provides its inmates the right to administratively appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or

her health, safety, or welfare." 15 Cal. Code Reg. § 3084.1(a). In order to exhaust available administrative remedies within this system, "a prisoner must proceed through several levels of review: (1) a first level appeal on a CDC 602 inmate appeal form to the Appeals Coordinator, (2) second level appeal to the 'hiring authority or designee at a level no lower than Chief Deputy Warden,' and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation." Cotton v. Cate, Civ. No. 13-3744 WHA-PR, 2015 WL 1246114, at *2 (N.D. Cal. March 17, 2015) (citing 15 Cal. Code Reg. § 3084.7). To be clear, administrative remedies are deemed exhausted only after a decision at the third level of review is made. 15 Cal. Code Reg. § 3084.1(b) ("all appeals are subject to a third level of review . . . before administrative remedies are deemed exhausted").

"Administrative remedies shall not be considered exhausted relative to any new issue . . . later named by the appellant that was not included in the originally submitted CDCR Form 602 . . . and addressed through all required levels of administrative review up to an including the third level." 15 Cal. Code Reg. § 3084.1(b). In this case, Plaintiff did not raise the kosher diet issue on Form 602 during the first level of appeal or during the second level of appeal. (Wood Decl'n Ex. 1.) The first time he raised the kosher diet issue during the appeal process was in his third level appeal. (Id.) However, the third level appeal refused to address

the issue, noting "it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602)."  (Id.)  The Court therefore finds that Plaintiff did not exhaust this issue, as it was "not included in the originally submitted CDCR Form 602" and was not "addressed through all required levels of administrative review."  15 Cal. Code Reg. § 3084.1(b).

Plaintiff argues that he did raise the kosher diet issue prior to the third level of appeal.  (Opp. at 1, 4.)  The Court acknowledges that the dietary issue was mentioned on Form 22 and in his request to the Jewish Chaplain.  (See Complaint at 8, 35.)  However, Plaintiff omitted any mention of the kosher diet during his first and second level appeals.  (Wood Decl'n Ex. 1.)  In fact, his kosher diet request was not denied until after Plaintiff filed his second level review.

In sum, the Court finds that Plaintiff did not raise the denial of his kosher diet request in his first and second level appeals and, therefore, he failed to exhaust administrative remedies prior to filing this lawsuit.  See 15 Cal. Code Reg. § 3084.1(b).  Accordingly, the Court recommends summary judgment be entered in Defendants' favor.  Townes v. Paule, 407 F. Supp. 2d 1210, 1219 (S.D. Cal. Dec. 13, 2005).  In light of that recommendation, the Court further recommends that Plaintiff's Motion for Judgment on the Pleadings (Doc. 57), which seeks a determination of the merits of this case, be denied as moot.

CONCLUSION

The Court finds that Plaintiff failed to exhaust the claims asserted in this case and recommends that Defendants' Motion for Summary Judgment For Failure to Exhaust Administrative Remedies (Doc. 51) be GRANTED. The Court also recommends that Plaintiff's Motion for Judgment on the Pleadings (Doc. 57) be DENIED as moot.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." Responses, if any, are due within fourteen (14) days after being served with the objections. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 17, 2017.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kevin Deon Brazier v. Jeffrey A. Beard, et al., 1:13-cv-00787-LJO-BMK, FINDINGS AND RECOMMENDATIONS TO (1) GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND (2) DENY AS MOOT PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS.