UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEON BRAZIER,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>        Defendants. | CASE NO. 1:13-cv-00787-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS; AND**<br><br>**(2) DENY PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(ECF No. 60)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The case proceeds on Plaintiff's civil rights complaint against nine prison official Defendants of the California Correctional Institution ("CCI") for denying Plaintiff a kosher meal in violation of the Free Exercise clause of the First Amendment.  (ECF No. 7.)

1  On January 17, 2017, the Magistrate Judge issued findings and recommendations to grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, and to deny Plaintiff's motion for judgment on the pleadings as moot. (ECF No. 60) On February 10, 2017, Plaintiff filed his objections[1] to the Magistrate Judge's findings. (ECF No. 62.) On March 8, 2017, after requesting and receiving an extension of time, Defendants filed a reply to Plaintiff's objections. (ECF No. 68.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of this case. For the reasons stated below, the Court finds Plaintiff's objections lack merit and will therefore adopt the Magistrate Judge's findings and recommendations in full.

The Magistrate Judge found that Plaintiff failed to exhaust the denial of his kosher diet request through all three levels of administrative review. The evidence showed that on November 5, 2012, Plaintiff submitted a Form 602 seeking religious accommodations, including, by inference,[2] a kosher diet. (ECF No. 51-2 at 10.) On December 10, 2012, Plaintiff received a decision on this 602, which explained that it could not address Plaintiff's request for a kosher diet because Plaintiff never submitted a kosher diet request to the prison Jewish chaplain. (ECF No. 51-2 at 16-17.) Plaintiff's other requests were granted in part. (Id.) On December 25, 2012 Plaintiff submitted a request for a kosher diet to the Jewish chaplain. (ECF No. 51-2 at 43) On January 9, 2013, before Plaintiff received a response from the Jewish chaplain, Plaintiff submitted the non-diet aspects of his grievance to the second level of review; he did not reference his kosher diet request. (ECF No. 51-2 at 13). On January 15, 2013, the Jewish chaplain denied Plaintiff's kosher diet request. (ECF No. 51-2 at 43.) On February 21, 2013, the second level response to Plaintiff's non-diet related requests was issued. (ECF No. 51-2 at 14-15.) On March 6, 2013, Plaintiff appealed the second level decision to the third level, and

---

[1] On February 13, 2017, Plaintiff filed a second, identical set of objections. (ECF No. 63.)
[2] The November 5, 2012 Form 602 does not expressly mention the kosher diet request. However, the response to the 602 included an instruction that any religious diet requests must first be made to the chaplain.

2

included appeal of the Jewish chaplain's denial of Plaintiff's kosher diet request. (ECF No. 51-2 at 10-11.) The third level reviewer declined to address Plaintiff's kosher diet request since it had not been addressed at the first and second levels of review. (ECF No. 51-2 at 8-9.)

Plaintiff's objections assert that he did indeed raise the issue of his kosher diet prior to submitting the third level appeal. Specifically, Plaintiff states that his kosher diet request was first denied by a Jewish chaplain on May 9, 2012—not January 15, 2013 as the Magistrate Judge found. (ECF No. 62 at 1-2.) Plaintiff further argues that he appealed the May 9, 2012 denial of his kosher diet request at both the first and second levels of administrative review. (ECF No. 62 at 2.) Plaintiff attaches copies of these appeals forms to his objections as exhibits. (ECF No. 62, Ex. A-D.)

However, an examination of these documents reveals that the May 9, 2012 denial of Plaintiff's kosher diet request occurred at Plaintiff's prior institution, the California Institution for Men ("CIM"). (ECF No. 62 Ex. A.) The subsequent appeals challenging this denial were also filed at CIM. (ECF No. 62 Ex. B.) There is no dispute that Plaintiff did not raise the denial of his kosher diet request at CCI at all three levels of review.

Whatever attempts Plaintiff's made to contest the denial of his kosher diet request at CIM are irrelevant to whether Plaintiff adequately exhausted this issue while incarcerated at CCI, as only CCI officials are the subject of this law suit. Thus, the Magistrate Judge appropriately found that Defendants are entitled to judgment in their favor.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on January 17, 2017 (ECF No. 60) in full;
2. Defendants' motion for summary judgment on exhaustion grounds (ECF No. 51) is GRANTED;
3. Plaintiff's motion for judgment on the pleadings (ECF No. 57) is DENIED; and

4. The Clerk of Court shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

   Dated: **April 13, 2017**     **/s/ Lawrence J. O'Neill**
                                            UNITED STATES CHIEF DISTRICT JUDGE